LMH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Treg Charles Clay Moore,                    )    No. CV 05-3331-PHX-DGC (JRI)
                                            )
              Plaintiff,                    )    **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
Captain Stuart, et al.,                     )
                                            )
              Defendants.                   )
                                            )
_____            )

       Plaintiff, currently confined in the Bachman Unit of the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

       Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $17.42 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff

1   should take notice that if he is released before the filing fee is paid in full, he must pay the

2   remaining unpaid amount of the filing fee within 120 days of the date of his release.

3   **B.    Statutory Screening of Prisoner Complaints.**

4          The Court is required to screen complaints brought by prisoners seeking relief against

5   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

6   § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

8   may be granted, or that seek monetary relief from a defendant who is immune from such

9   relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured

10  by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the

11  complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

12  Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can

13  possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court

14  therefore should grant leave to amend if the pleading could be cured by the allegation of

15  other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

16  Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot

17  be corrected.

18  **C.    Complaint.**

19          Plaintiff's action concerns disciplinary proceedings at the state prison.  He sues

20  Captain Stuart, a disciplinary hearing officer, and Corrections Officer II A. Garcia, the

21  disciplinary coordinator.  The following facts are drawn from Plaintiff's Complaint and

22  attached exhibits.

23          In March 2005, Plaintiff was charged with a major disciplinary violation of disobeying

24  a direct order for failing to turn over identification requested by an officer.  Plaintiff asserts

25  that when Defendant Garcia told him that his hearing would be before Captain Stuart, she

26  failed to inform him that he would be able to call witnesses.  Plaintiff was found guilty on

27  March 14, 2005.  He claims that Captain Stuart failed to investigate the alleged offense and

28  failed to explain why he was not permitted to call witnesses.

1    Plaintiff filed a Level I appeal.  The guilty finding was upheld on March 18, 2005, and

2  Plaintiff did not receive a copy of the decision until almost two month later on May 3, 2005.

3  He then attempted to file a Level II appeal to the central office.  Garcia received his

4  paperwork on May 10 and a month later, on June 10, sent Plaintiff a notice indicating that

5  he was out of time to appeal.  Plaintiff disagrees with Garcia's determination because

6  Plaintiff filed his Level II appeal the same day he received notice of the Level I response.

7    After Plaintiff was found guilty, his institutional scores were increased and he was

8  transferred to a higher level custody yard.  This placement caused him "mental stress"

9  because he is with "murders and dangerous criminals."

10    Plaintiff asserts that his procedural due process rights were violated.  For relief,

11  Plaintiff requests and unspecified amount of compensation for the mental stress caused by

12  his transfer to a higher level custody yard.

13  **D.    Failure to State a Claim.**

14    In analyzing a due process claim, the Court must first decide whether Plaintiff was

15  entitled to any process, and, if so, whether he was denied any constitutionally-required

16  procedural safeguard.  For a prison disciplinary hearing, the procedural due process

17  safeguards are:  (1) written notice of the charges, no less than twenty-four hours prior to the

18  hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons

19  for the disciplinary action; and (3) a limited right to call witnesses and present documentary

20  evidence when it would not be unduly hazardous to institutional safety or correctional goals

21  to allow the inmate to do so.  Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).  Before

22  these protections are due, however, the inmate must have a liberty interest at stake.

23    The Due Process Clause provides two separate sources of protection against

24  unconstitutional state disciplinary actions.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

25  2003), cert. denied sub nom. McEnroe v. Ramirez, 124 S. Ct. 2388 (2004).  First, a prisoner

26  may challenge a disciplinary action which deprives or restrains a state-created liberty interest

27  in some "unexpected manner."  Id. (citing Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).

28  Plaintiff does *not* contend that he lost good time credits or that his parole eligibility class was

1   affected, which are the most obvious types of liberty interests that are commonly at stake in

2   a disciplinary proceeding.  The Ninth Circuit has found that the kind of claim at issue in this

3   case – that an appeal from disciplinary proceedings was not properly processed by prisoner

4   officials – does not rise to a constitutional level because inmates lack a separate

5   constitutional entitlement to a specific prison grievance procedure.  Ramirez, 334 F.3d at 860

6   (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Similarly, Plaintiff's allegation

7   that his appeal was not properly processed does not suffice because he had no state-created

8   liberty interest that was restrained in an "unexpected manner."

9       Second, a prisoner may challenge a state action which does not restrain a protected

10   liberty interest, but which "nonetheless imposes atypical and significant hardship on the

11   inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Ramirez,

12   334 F.3d at 860.  Only a hardship that is sufficiently significant will require due process

13   protections.  Ramirez, 334 F.3d at 860  Three guideposts to consider are: (1) the conditions

14   of confinement, (2) the duration of the condition and the degree of restraint imposed, and

15   (3) whether the sanction will affect the duration of the prisoner's sentence.  Ramirez, 334

16   F.3d at 861; Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires

17   not merely an empirical comparison, but turns on the importance of the right taken away

18   from the prisoner.  See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997), cert.

19   denied, 523 U.S. 1036 (1998).

20       The only sanction identified by Plaintiff is an increase in his institutional scores such

21   that he was transferred to a higher security level yard.  "Discipline by prison officials in

22   response to a wide range of misconduct falls within the expected perimeters of the sentence

23   imposed by a court of law."  Sandin, 515 U.S. at 481.  Denial of privileges are precisely the

24   type of sanctions that are the "expected perimeters" of an inmate's sentence and do not

25   demonstrate an atypical and significant hardship in relation to the ordinary incidents of prison

26   life.  In addition, Plaintiff has no constitutional right to a particular classification.  See

27   Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25

28   (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's

reclassification and transfer decisions).  Consequently, the Court finds that Plaintiff had no constitutional-level liberty interest at stake and therefore was not entitled to procedural due process safeguards in the disciplinary process.

Plaintiff cites no other sanction based on the finding of guilt, and the higher level custody yard does not affect the duration of his sentence.  Moreover, even if Plaintiff could amend his Complaint to allege that his eligibility for parole was affected or that he lost good time, he still would fail to state a claim.  A habeas action, and not a § 1983 action, is proper when a successful challenge to a prison condition would necessarily shorten a prisoner's sentence, e.g., when eligibility for parole is affected.  Ramirez, 334 F.3d at 859.  A claim that good time credits were lost is not cognizable in a § 1983 action unless Plaintiff could first show that his disciplinary conviction had been invalidated.  See id. at 855-57 (citing Edwards v. Balisok, 520 U.S. 641, 643-46 (1997)).  Because the deficiencies in Plaintiff's claim cannot be cured by amendment, the Court will dismiss the action without leave to amend.

**IT IS THEREFORE ORDERED THAT:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.42.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(4)  The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 1st day of March, 2006.

David G. Campbell
United States District Judge